UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VANESSA CLARK,

        Plaintiff,

  v.

CLIENT SERVICES INC.,

        Defendant.

Case No. 22-cv-1410-pp

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 9) AND AWARDING ATTORNEY'S FEES AND COSTS**

On November 28, 2022, the defendant filed a notice of removal under 28 U.S.C. §1441(a), asserting that the plaintiff had raised a federal question by alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. Dkt. No. 1. The plaintiff timely filed a motion to remand to the Waukesha County Small Claims Court and asked the court to order the defendant to pay costs and fees under 28 U.S.C. §1447(c). Dkt. No. 9. The defendant responded by filing a "non-opposition" brief, indicating that it did not object to the request to remand but that it did object to an award of fees. Dkt. No. 12. The court will grant the plaintiff's motion and award the plaintiff the attorney's fees and costs associated with filing her motion to remand.

**I.    Complaint**

On October 31, 2022, the plaintiff filed a complaint in Waukesha County Small Claims Court alleging a violation of the Fair Debt Collections Practices

1

Act, 15 U.S.C. §1692. Dkt. No. 1-2 at 4, ¶1. The plaintiff alleged that the defendant is a debt collector who was attempting to collect a debt from the plaintiff on behalf of Synchrony Bank BP. Id. at ¶¶5, 10. The plaintiff asserted that Attorney Jason Moore sent the defendant a letter dated August 12, 2022 requesting that the defendant cease all collection activities and providing a hardship waiver listing the plaintiff's income and financial information. Id. at ¶11. The letter explained that the plaintiff must "avoid stress as it greatly impacts her health." Id. The letter asked the defendant to "direct any communications to Legal Action of Wisconsin and Attorney JJ Moore." Id. at ¶12. Attorney Moore included his phone number, mailing address and email address. Id. A month later, the defendant directly sent another letter, dated September 16, 2022, to the plaintiff. Id. at ¶13.

The plaintiff alleges that the defendant violated 15 U.S.C. §1692c(c), which requires a debt collector to cease communications after being notified in writing that the consumer wishes the debt collector to cease future communications. Id. at ¶15. The plaintiff also alleges that the defendant violated 15 U.S.C. §1692c(a)(2), which requires a debt collector to communicate with the attorney if the debt collector knows that the consumer is represented by an attorney. Id. The plaintiff seeks actual damages under 15 U.S.C. §1692k(a)(1), statutory damages under 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees and costs under 15 U.S.C. §1692k(a)(3). Id. at ¶16.

## II. Plaintiff's Motion to Remand

### A. Plaintiff's Motion

The plaintiff moves to remand because the complaint does not allege a concrete injury for purposes of standing under Article III. Dkt. No. 10. The plaintiff alleges that the defendant sent the plaintiff a letter directly to her, after her attorney told the defendant to cease all communication. She doesn't allege any other injury. As the plaintiff points out, the Seventh Circuit has held that allegations regarding the subsections of the FDCPA do not automatically establish a concrete injury for purposes of standing. Pennell v. Glob. Tr. Mgmt. LLC, 990 F.3d 1041, 1045 (7th Cir. 2021). The plaintiff maintains that she filed her complaint in small claims court because she wanted to proceed in the "fastest possible court" to obtain the $1,000 statutory award. Dkt. No. 10 at 5. The plaintiff argues that she is entitled to a fee award because the defendant, as the removing party, lacked an objectively reasonable basis for removal. Id. at 6.

### B. Defendant's Response

On January 3, 2023, the defendant responded with a "non-opposition" brief. Dkt. No. 12 at 1. It appears that the defendant mistakenly filed a draft of its response brief: paragraph four begins "On XXX, Plaintiff moved to remand this matter back to state court," id. at ¶4, the defendant variously refers to the plaintiff as "their," "she/her" and "his," id. at ¶¶1, 6, 8, 10, 12, and the defendant fails to cite case law to support its argument that alleging actual

3

damages is the equivalent of alleging a concrete injury, id. at 2. The heart of the defendant's argument appears in paragraphs six and seven:

> 6. Unfortunately for Plaintiff, she misstates her own complaint in this matter. Plaintiff has asserted more than just a claim for statutory damages under the FDCPA, as Plaintiff has twice stated a claim for actual damages pursuant to the FDCPA. Doc. 1-2 at 6. Plaintiff simply ignores this fact throughout her Motion to Remand and Brief in Support. Doc. 10.
>
> 7. Said actual damages would only be proper if Defendant's actions had cause [sic] actual injury to Plaintiff. Thus, Plaintiff has pled a claim of relief for actual damages and, in doing so, implied that Plaintiff has suffered an injury in fact as a result of Defendant's actions. Doc. 1-2 at 6.

The defendant argues that any pleading issues are the plaintiff's fault and that, while the defendant does not oppose remand, the court should not order the defendant to pay fees. Id. at 3. The defendant "acknowledges that federal case law holds that alleging a statutory violation is not necessarily sufficient to establish Article III standing in Federal Court. However, removal in this matter was based on Plaintiff's allegations of actual damages a position that Plaintiff is now equivocating on." Id. at 3.

C. Plaintiff's Reply

The plaintiff replies that federal jurisdiction is not predicated on actual damages, but on concrete injury, and argues that the two are not interchangeable. Dkt. No. 13 at 1. She points out that the complaint alleges that the defendant sent a letter in violation of the FDCPA; the complaint does not allege that receiving the letter had any effect on the plaintiff. Id. at 2. The plaintiff maintains that given this, there was no attempt to plead a particularized, concrete injury. Id. As an example, the plaintiff says she never

4

alleged that she had to pay extra money, that her credit was affected or that she responded differently due to receiving the letter. Id. The plaintiff asks the court to award fees because the defendant "chose to ignore Seventh Circuit precedent and remove the case." Id. at 3.

D. Analysis

Article III limits federal courts to resolving cases and controversies. U.S. Const. Art. III, §2. A plaintiff suing in federal court must have "standing" to sue—the plaintiff must have suffered an injury in fact traceable to the defendant's conduct and redressable by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). A federal court determining whether it has standing "asks whether the plaintiff has 'suffered an invasion of a legally protected interest' that is 'concrete and particularized and actual or imminent, not conjectural or hypothetical.'" Fox v. Dakkota Integrated Sys., LLC, 980 F.3d 1146, 1151–52 (7th Cir. 2020) (quoting Lujan, 504 U.S at 560). A concrete injury "must actually exist" and be "real and not abstract." Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016).

In Spokeo, the Supreme Court held that "Article III standing requires a concrete injury even in the context of a statutory violation." 578 U.S. at 341. The Seventh Circuit repeatedly has held that a breach of the FDCPA "does not, by itself, cause an injury in fact." Markakos v. Medicredit, Inc., 997 F.3d 778, 779–80 (7th Cir. 2021). Even where the statutory violation is considered substantive and not merely procedural, a plaintiff must allege a concrete injury. Larkin v. Fin. Sys. of Green Bay, Inc., 982 F.3d 1060, 1066 (7th Cir.

5

2020) (holding that plaintiff alleged no harm from the statutory violation and therefore lacked standing, despite alleging that statements in the collection letters were false, deceptive, or misleading).

In March 2021—nineteen months before the plaintiff filed her complaint in the small claims court—the Seventh Circuit addressed a set of facts similar to the facts in this case. In Pennell v. Global Trust Management, LLC, 990 F.3d 1041, 1043 (7th Cir. 2021), a consumer notified her lender that she refused to pay a debt and that all future communications should be directed to her attorney. When the lender sold the debt, the purchaser (a debt collector) sent the consumer another letter. Id. The consumer asked the purchaser to stop all communication, but still sued the purchaser under sections §§1692c(a)(2) and 1692c(c) of the FDCPA (the same sections at issue in this case). Id. The consumer claimed she suffered stress and confusion and, after receiving the second letter, felt as if she did not have rights. Id. The Seventh Circuit said that when analyzing standing, what matters is what the plaintiff alleges in the complaint. Id. at 1045. In holding that the district court lacked subject matter jurisdiction, the Seventh Circuit rejected the notion that stress—by itself with no physical manifestations and no qualified medical diagnosis—amounts to concrete harm. Id.

Time and again, the Seventh Circuit has told litigants that standing requires something more than embarrassment or stress:

> As our bevy of recent decisions on FDCPA standing makes clear, anxiety and embarrassment are not injuries in fact. Indeed, we have expressly rejected "stress" as constituting concrete injury following an FDCPA violation. *Pennell v. Global Tr. Mgmt.*, 990 F.3d 1041,

6

Case 2:22-cv-01410-PP   Filed 01/30/23   Page 6 of 9   Document 14

> 1045 (7th Cir. 2021). Likewise, it is not enough for a plaintiff to be "annoyed" or "intimidated" by a violation. *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020). Nor is it enough for a plaintiff to experience "infuriation or disgust" or "a sense of indignation." *Id.* Likewise, a plaintiff's "state of confusion" resulting from an FDCPA-deficient communication, without any ensuing detriment, is not a concrete injury for if it were, "then everyone would have standing to litigate about everything." *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068–69 (7th Cir. 2020). These are quintessential abstract harms that are beyond our power to remedy. The same is true of the stress and embarrassment that Wadsworth complains of in this case.
>
> Being informed of an outstanding debt can sometimes be a stressful experience, but federal courts may entertain FDCPA claims only when the plaintiff suffers a concrete harm that he wouldn't have incurred had the debt collector complied with the Act. *Casillas* [*v. Madison Ave. Assocs.*], 926 F.3d [329,] at 334 [(7th Cir. 2019)].

<u>Wadsworth v. Kross, Liberman & Stone, Inc.</u>, 12 F.4th 665, 668-69 (7th Cir. 2021).

Despite this, the defendant says that the plaintiff's request for "actual damages" (found at the end of the complaint and in the prayer for relief) suggests that the plaintiff experienced an "actual injury." The defendant reasons that actual damages imply an actual injury, which would allow one to infer that the actual injury was a concrete injury. The defendant has not cited—and this court has not found—any case law holding that a prayer for relief allows the court to infer an unpled, concrete injury. The complaint alleges a violation of the FDCPA and a passing reference by Attorney Moore that the defendant should cease communication because the plaintiff needs to avoid stress. These allegations don't confer standing. As the Seventh Circuit

7

has succinctly stated, "[t]here is no FDCPA exception to Article III." Markakos, 997 F.3d at 782.

### III. Plaintiff's Request for Attorney's Fees

The remaining question is whether the plaintiff is entitled to an award of fees under 28 U.S.C. §1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). Typically, courts award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Seventh Circuit explains that if at the time of removal, "clearly established law demonstrated that [the defendant] had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." Wolf v. Kennelly, 574 F.3d 406, 412 (7th Cir. 2009) (quoting Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007)).

It was objectively unreasonable for the defendant to remove the case to federal court because the established law was clear at the time of removal that the plaintiff had not alleged a concrete injury sufficient to confer Article III standing. The Seventh Circuit decided Pennell on similar facts almost two years before the defendant removed this case to federal court. The defendant had no reason to believe the "need to avoid stress" would confer standing in this case. Speculating that there might be a concrete injury beyond the need

8

to avoid stress, based solely on the plaintiff's use of the phrase "actual damages," is inconsistent with the Seventh Circuit's instruction to focus on the allegations in the complaint. The court will award the plaintiff her attorney's fees and costs.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion to remand. Dkt. No. 9.

The court **ORDERS** that this case is **REMANDED** to Waukesha County Small Claims Court.

The court **GRANTS** the plaintiff's motion for an award of costs and fees incurred as a result of the removal. Dkt. No. 9.

The court **ORDERS** that by the end of the day on **February 10, 2023**, the plaintiff must file an accounting of costs and fees incurred as result of the defendant's removal of the case to federal court. The court **ORDERS** that, if the plaintiff wishes to object to the accounting, the defendant must file its objection by the end of the day on **February 17, 2023**. If the court does not receive an objection from the defendant by day's end on February 17, 2023, the court will award the amount of costs and fees requested by the plaintiff.

Dated in Milwaukee, Wisconsin this 30th day of January, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

9

Case 2:22-cv-01410-PP   Filed 01/30/23   Page 9 of 9   Document 14